IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENYON WALTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-1404-JPG |
| ) | |
| SGT KRAMER, ROBERT DEWALL, ) | |
| EVAN BAILEY, ROBERT ROSS, ) | |
| COLLEEN MOORE, ) | |
| and UNKNOWN PARTY, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for case mangement.  On January 7 and January 13, 2016, two sets of documents mailed to the Plaintiff at his last known address – the Alton Law Enforcement Center ("Alton") – were returned to the Clerk of Court as undeliverable, with the notation "not at this address" (Docs. 7 & 8).  On January 14, 2016, the Clerk received a letter from the Alton Police Department stating that as of December 7, 2015, Plaintiff was no longer housed at Alton (Doc. 9).

The claims at issue in this action were originally brought on June 18, 2015, by Plaintiff and eight other inmates at Alton.  *Collier, et al., v. Kramer, et al.*, Case No. 15-cv-674-SMY (S.D. Ill.).  On July 10, 2015, the Court entered an order (Doc. 3 in this action) in which each of the original Plaintiffs was given an opportunity to withdraw from the suit or pursue his claims individually.  The July 10 order also informed Plaintiff that he is obligated to keep the Clerk of Court and each opposing party informed of any change in his address, within seven days of any such change (Doc. 3).  Plaintiff was further warned that if he failed to update his address with the

Court, his case could be dismissed for want of prosecution. In a response to that order dated July 14, 2015, Plaintiff stated that he wanted to continue as a co-Plaintiff in the group lawsuit (Doc. 29 in Case No. 15-cv-674). On December 22, 2015, the Court determined that each Plaintiff's claims would be severed into a separate case, and ordered each Plaintiff to submit an amended complaint by January 25, 2016, in order to proceed with the action (Doc. 1).

Plaintiff has failed to comply with the Court's order (Doc. 3) that he notify the Clerk of Court of his new address. He has had ample time to do so since his departure from Alton on December 7, 2015. Therefore, this action is subject to dismissal for failure to prosecute.

**IT IS HEREBY ORDERED** that this § 1983 action is **DISMISSED with prejudice** for failure to prosecute. FED. R. CIV. P. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice).

The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly.

Because Plaintiff's complaint in this action was dismissed for failure to state a claim upon which relief may be granted (Doc. 1), this dismissal shall count as one of Plaintiff's three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00

appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: January 29, 2016**

> *s/J. Phil Gilbert*
> United States District Judge